# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RICO BERNAL, | Case No. 1:14-cv-00733-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR AN AWARD OF EAJA FEES AND EXPENSES** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Docket No. 20) |
| Defendant. | |

_____/

## I. INTRODUCTION

In May 2014, Plaintiff Irma Rico Bernal ("Plaintiff") filed a complaint against the Commissioner of Social Security asserting the ALJ erred in denying Plaintiff's application or Social Security Benefits. (Doc. 1.) The parties stipulated to a remand for further consideration by the ALJ, which was granted on March 19, 2015, and judgment was issued on March 19, 2015.

On June 18, 2015, Plaintiff filed a motion for an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner opposes Plaintiff's application asserting that it is untimely. Plaintiff concedes the EAJA application is untimely due to a calendaring error, but urges the Court to apply the doctrine of equitable tolling. For the reasons set forth below, Plaintiff's motion for an award of EAJA fees is DENIED.

## II. DISCUSSION

The EAJA statute provides that an application for fees "shall" be filed with the court within 30 days after judgment becomes final. 28 U.S.C. § 2412(d)(1)(B). In Social Security cases, the EAJA filing period begins after the appeal period has expired, which renders the judgment final. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding a sentence four remand becomes a final judgment for purposes of attorneys' fees under the EAJA upon expiration of the time for appeal). The time to appeal in a civil case in which the federal government is a party ends sixty days after entry of judgment. Fed. R. App. P. 4(a); *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). Judgment is considered entered under Rule 4(a) if it has been issued in compliance with Federal Rule of Civil Procedure 58. Under Rule 58, judgment is entered when it is issued in the civil docket and set out in a separate document, if required. Fed. R. Civ. P. 58(c).

The 30-day EAJA filing period is statutory, 28 U.S.C. § 2412(d)(1)(B), but not jurisdictional, *see Scarborough v. Principi*, 541 U.S. 401, 414 (2004) ("30-day deadline for [EAJA] applications and its application-content specifications are not properly [termed] jurisdictional."); *Arulampalam v. Gonzales*, 399 F.3d 1087, 1090 (9th Cir. 2005) (EAJA's 30-day filing period "is not, strictly speaking, jurisdictional"). The 30-day limitation period under EAJA for submitting fee applications is to be "narrowly construed" as it is a waiver of sovereign immunity. *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1392-93 (9th Cir. 1986).

Here, Plaintiff concedes her EAJA application was filed one day late on June 18, 2015,[1] but urges application of the equitable tolling doctrine. Plaintiff maintains her counsel filed the motion in good faith, but a computer calendaring error was responsible for its untimeliness. Plaintiff's counsel states she spent many hours attempting to repair the damage done by the failure of the computer system's calendaring function. Plaintiff contends the Commissioner would not be prejudiced by allowing a late filing of the motion, as she has an opportunity to address the

---

[1] Judgment was issued on March 19, 2015. The appeal period expired on May 18, 2015. The 30-day EAJA filing period expired on June 17, 2015.

substance of the motion in her opposition brief.

It is not clear whether the doctrine of equitable tolling applies to the 30-day EAJA deadline. *See Scarborough*, 541 U.S. at 421 n.8 (expressly reserving the question of whether equitable tolling applies to the EAJA fee time limitation in disability cases); *Sanchez v. Astrue*, 273 Fed. Appx. 686, 687 (9th Cir. 2008) (unpublished) (noting that *Scarborough* did not answer the question, but that even if equitable tolling could be applied in a disability case, circumstances did not warrant its application); *but see Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581-83 (6th Cir. 2005) (equitable tolling applicable to EAJA time limitation for fee applications in Social Security cases).

Nonetheless, even if equitable tolling is applicable to the 30-day filing deadline for EAJA fee applications, Plaintiff has not established equitable tolling is warranted in this case. For equitable tolling to apply, Plaintiff must establish (1) that she has been pursuing her rights diligently, and (2) some extraordinary circumstances stood in her way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Negligence or excusable neglect is not sufficient. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("a garden variety claim of excusable neglect" does not merit exercise of equitable tolling). The untimeliness of Plaintiff's application was due to a calendaring error by counsel. This is a type of garden-variety excusable neglect that does not justify application of equitable tolling, even assuming it is available. *See Sanchez*, 273 Fed. Appx. at 687 (untimely EAJA application not subject to equitable tolling due to garden-variety excusable neglect of counsel).

### III.   CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's June 18, 2015 EAJA application is untimely and is not subject to equitable tolling. Accordingly, it is HEREBY ORDERED that Plaintiff's motion for an award of EAJA fees and expenses is DENIED.

IT IS SO ORDERED.

Dated:   **August 12, 2015**              **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE

3